VILLANTI, Chief Judge,
Concurring.
I concur in the majority opinion, including all subparts, but not without some trepidation. In my opinion, there is a.real need to balance the remedial purpose of FUFTA, which favors granting a judgment' creditor broad relief from fraud, against the judgment debtor’s and' society’s interest in finality. As it stands, the legislature has chosen language, which we are powerless to amend, that limits FUF-TA’s savings clause to one year from, the discovery of the transfer and- not from the discovery of the fraud regardless of the reason for the delay in the discovery of the fraud. I can envision circumstances in which the judgment debtor, having already actively engaged in fraud, continues his or her' fraudulent ways so as to hide any evidence that a given' transfer was, in fact, fraudulent Until after the one-year savings period has expired.' While' that does not appear to be the case here, in my view, the better policy would be to permit the trial court to' extend the judgment creditor’s collection rights if the creditor could establish an ongoing course of fraud or delay. This would eliminate the statutory encouragement to a judgment debtor engaged in fraud to delay discovery of that fraud' until one year after disclosure of the transfer. Thus, while I reluctantly agree, I urge the legislature to consider broadening FUF-TA’s savings clause to run from the discovery of the fraud, which in my view is more consistent with its remedial purpose.